FLORENCE B. REYNOLDS and ALICE M. DIKE, Respondents, v. HARLEM CONSTRUCTION COMPANY, Appellant.

(Supreme Court, Appellate Term, April, 1911.)

Cause of action — Liability of employer for payment to creditor of employee — Construction of statute.

Execution against property — Property subject to execution — Salaries and wages.

Pleading — Matters relating to pleadings generally — Conclusions of law —Allegation that due proceedings had been taken.

Before an execution can be lawfully presented to an employer, as contemplated by section 1391 of the Code of Civil Procedure, a judgment against his employee must have been recovered and an execution thereon issued and returned wholly or partly unsatisfied.

But where, in an action brought under section 1391 of the Code of Civil Procedure against a corporation, the complaint alleges that said execution was duly issued to the sheriff, and the answer admits that the execution was duly issued and presented, proof of the rendition of a judgment against the employee and the issuance and return of an execution thereof wholly or partly unsatisfied is unnecessary, as the word "duly" means according to the statute governing the subject and implies the existence of every fact essential to perfect regularity of procedure.

APPEAL by the defendant from a judgment of the Municipal Court of the city of New York, borough of Manhattan, sixth district, rendered in favor of the plaintiffs.

Thomas P. Ford, for appellant.

Reuben Cohen, for respondents.

SEABURY, J.   This action is brought against the defendant corporation upon the ground that the defendant failed to pay ten per cent.· of the wages of one of its employees, after an execution against the salary of such employee had been served upon it.   The action is brought under section 1391 of the Code of Civil Procedure.   The plaintiff alleged and proved that one Grow was an employee of the defendant, and that, " pursuant to an order duly made and entered by a Justice of the Supreme Court, New York County, on the 12th day of March, 1910, an execution   *   *   *   was duly issued out of the Supreme Court, New York County, in favor of the plaintiffs   *   *   *   and   *   *   *· on the 21st day of March, 1910, said Sheriff duly presented said execution to the Harlem Construction Company, the defendant herein." The plaintiff also proved that the defendant failed to pay the prescribed percentage of the wages of its employee to the officer presenting said execution to it.

No proof was offered to show that a judgment had been recovered against the defendant's employee, or that an execution upon said judgment had been returned wholly or partly unsatisfied.   The appellant contends that, in the absence of such proof, the plaintiff failed to establish a cause of action under the statute referred to above.

It was necessary, before such an execution as is contemplated by the statute could be " presented " to the defendant, that judgment against the employee should have been recovered and that execution thereon should have issued and been returned wholly or partly unsatisfied.   That these steps are essential prerequisites to the making of an order providing that execution shall issue against the wages or salary, etc., of the judgment debtor is evident from the provision of section 1391 of the Code of Civil Procedure.   The answer of the defendant admits the fact that, pursuant to an order duly made and entered, the execution against the wages of said Grow was " duly " issued out of the Supreme Court, and that the sheriff " duly " presented said execution to the defendant.   The word " duly " has frequently been defined as meaning according to. law:  " That is, according to the statute governing the subject, and implies the existence of every

fact essential to perfect regularity of procedure." Brownell v. Town of Greenwich, 114 N. Y. 518, 527. Interpreting the word " duly " in the sense in which it has been judicially defined, we think that the complaint stated a cause of action against the defendant and that the admissions by the defendant that the execution was " duly " issued and " duly " presented left it without any defense to this action, and that the learned court below properly granted judgment in favor of the plaintiffs.

Judgment affirmed with costs.

PAGE and BIJUR, JJ., concur.

Judgment affirmed, with costs.